UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH STANLEY,

                    Petitioner,

        -against-

JOSEPH T. SMITH,

                    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/14

12 Civ. 6362 (AT)(SN)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

On August 20, 2012, Petitioner *pro se*, Kenneth Stanley, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. On October 2, 2012, the matter was referred to a

magistrate judge. Before the Court is the Report and Recommendation (the "R & R") of

Magistrate Judge Sarah Netburn, which proposes that Petitioner's petition be denied. Petitioner

filed timely objections to the R & R. For the reasons stated below, the Court ADOPTS the

R & R in its entirety.

## DISCUSSION[1]

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party

makes specific objections, the court reviews *de novo* those portions of the R & R to which

objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory

or general objections, or simply reiterates the original arguments," the court reviews the R & R

strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, 13 Civ. 3989, 2014

WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration*

---

[1] The Court presumes familiarity with the facts, as detailed in the R & R, *see* R & R 2-11, ECF No. 28, and, accordingly, does not summarize them here.

*Serv.*, 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a[n] [R & R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.     Petitioner's Objections

A.  General Objections

Petitioner's objections to Judge Netburn's "proposed findings of facts and recommendations in [their] entirety on pages nineteen through thirty-one," Pet. Objs. ¶¶ 3, 5, ECF No. 34; *see also id.* ¶ 1, do not trigger *de novo* review. These objections neither identify "particular errors in the reasoning of the Magistrate Judge" nor "explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound." *Jackson v. Morgenthau*, 07 Civ. 2757, 2009 WL 1514373, at *1 (S.D.N.Y. May 28, 2009) (internal quotation marks and footnotes omitted). They are merely general objections that

warrant only clear error review. *See, e.g.*, *Wallace*, 2014 WL 2854631, at *1. The Court finds no clear error on pages 19 through 31 of the R & R.

### B. Original Arguments Reiterated

Petitioner's contentions in paragraphs 7 through 21 of his written objections, Pet. Objs. ¶¶ 7-21, which Petitioner appears to offer in support of his objection to pages 19 through 31 of the R & R, also do not trigger *de novo* review. It is obvious that Petitioner simply copied the text in these paragraphs from his reply brief. *Compare id.*, *with* Pet. Mem. 13-17, ECF No. 27. Likewise, Petitioner's assertions that his "claim was meritorious" and that "his right to due process was violated," Pet. Objs. ¶ 4, do nothing more than rehash, in conclusory terms, the arguments he presented to Judge Netburn. These "objections" do not give rise to *de novo* review, as they "simply reiterate[] [Petitioner's] original arguments." *Wallace*, 2014 WL 2854631, at *1. To find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted). Therefore, the Court, once again, need only review pages 19 through 31 for clear error.

### C. Failure to Disclose Pertinent Facts

Petitioner asserts that Judge Netburn "failed to disclose pertinent facts at suppression hearing in relation to the suggestive nature of the [lineup] identification." Pet. Objs. ¶ 2. This objection is without merit. As an initial matter, Petitioner does not identify which pertinent facts Judge Netburn "failed to disclose." Without more specificity, the Court is left guessing as to the grounds for Petitioner's objection. In any event, after reviewing the suppression hearing transcript, the Court finds that Judge Netburn comprehensively and accurately addressed the discussion of the "suggestive nature" of Petitioner's lineup.

At the suppression hearing, Petitioner's counsel stated:

> I would also add with regard to his line-up, it was suggestive in that he's a 24 year old man put in a line-up with men 31, 37, 37 and two men of 38, basically a line-up where four of the men were of a different generation, and on its face I would say that was suggestive.

Tr. 406:21-407:2, June 11, 2008, ECF No. 17-3. Judge Netburn expressly noted this statement in the R & R. R & R 7 ("[Petitioner's counsel] argued that the lineup was unduly suggestive by pointing out that Stanley was only 24 years old at the time of the lineup, but four of the five fillers were much older."); *see also id.* at 20. After considering the parties' positions on Petitioner's lineup (and the lineups of Petitioner's co-defendants), the suppression hearing judge concluded:

> I looked at the line-ups, the pictures of the line-ups, and they are not perfect, but the law does not call for a perfect line-up. I don't think that they are unnecessarily or unduly suggestive. So, as a matter of due process, I find that the show-ups are admissible, the line-ups rather . . . .

Tr. 457:21-458:4, June 11, 2008. Judge Netburn expressly noted this statement in the R & R as well. R & R 8 ("[A]fter reviewing a photograph of the lineup, the hearing judge found that the lineup was not unnecessarily or unduly suggestive and that as a matter of due process it was admissible. He specified that, although the lineup was 'not perfect,' the 'law does not call for a perfect line-up.'"); *see also id.* at 27. The alleged suggestiveness of Petitioner's lineup did not otherwise come up at the suppression hearing. Accordingly, the Court rejects Petitioner's contention that Judge Netburn "failed to disclose pertinent facts" from the suppression hearing regarding "the suggestive nature of the [lineup] identification." Pet. Objs. ¶ 2.

D. Police Veracity

Finally, Petitioner argues, "[f]or his answer to pages nineteen through thirty-one," that "he was entitled to suppress the [lineup] identification on the issue of Police veracity." Pl. Objs.

¶ 6. This claim provides no basis for disturbing the R & R. First, it does not constitute an objection that triggers *de novo* review, as it is "not clearly aimed at particular findings in the [R & R]." *Bailey*, 2014 WL 2855041, at *1. Indeed, the issue of police veracity plays no role in Judge Netburn's analysis of Petitioner's lineup identification (*i.e.*, pages 19 through 31). Moreover, Petitioner did not raise the issue of police veracity in his submissions to Judge Netburn. The Court will not consider this issue for the first time here. *See, e.g., Razzoli*, 2014 WL 2440771, at *5 ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all.").

## CONCLUSION

The Court has reviewed *de novo* those portions of the R & R to which Petitioner properly objects and has reviewed the remainder of the R & R for clear error.[2] For the reasons stated, the Court ADOPTS the R & R in its entirety and the petition is DENIED.

The Clerk of Court is directed to mail a copy of this order to Petitioner *pro se* and to close the case.

SO ORDERED.

Dated: September 26, 2014
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] To the extent not explicitly discussed above, the Court finds the unchallenged portions of the R & R to be free of clear error.